**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TODD EVANS,                      )
            Petitioner,         )    3:03-cv-00160-LRH-RAM
                          )
vs.                          )    **ORDER**
                          )
MICHAEL BUDGE, *et al.*,         )
            Respondents.       )
_____/

        This closed action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner who was formerly represented by counsel. The habeas petition was denied by order filed September 15, 2005. (ECF No. 35). Judgment was entered on September 16, 2005. (ECF No. 36). Petitioner appealed. (ECF No. 37). On October 10, 2006, the United States Court of Appeals for the Ninth Circuit filed a memorandum opinion affirming this Court's denial of the petition. (ECF No. 48 & ECF No. 49). On October 20, 2006, this Court entered the order on mandate. (ECF No. 50).

        On June 22, 2010, David Z. Chesnoff and Richard A. Schonfeld filed a motion to withdraw as counsel of record for petitioner. (ECF No. 51). By order filed July 20, 2010, this Court granted the motion to withdraw as counsel. (ECF. No. 55).

        Petitioner has filed a motion for reconsideration of the Court's July 20, 2010 order. (ECF No. 56). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). In the instant case, petitioner has failed to make an adequate showing under either Rule 60(b) that this Court's order of July 20, 2010 should be reversed.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner **shall file no further documents** in this closed action. **Any further documents submitted by petitioner shall be returned, unfiled, to petitioner.**

Dated this 4th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE